IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **BOBBIE SHAW HUNTER,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| **v.** | ) No. 2:13-cv-02695 |
| | ) |
| **LEMOYNE-OWEN COLLEGE** | ) |
| | ) |
| **DEFENDANT.** | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
RECONSIDERATION OF COURT'S ORDER ALLOWING PLAINTIFF TO AMEND
COMPLAINT OR IN THE ALTERNATIVE MOTION FOR CONTINUANCE**

**COMES NOW** Defendant, Lemoyne-Owen College, (hereafter "Defendant") pursuant to Rules 16(B) of the Federal Rules of Civil Procedure and Local Rule 7.2 of the United States District Court for the Western District of Tennessee and submits the following Memorandum in Support of Motion for Reconsideration of Court's Order Allowing Plaintiff to Amend Complaint or in the alternative Motion for Continuance, which is being filed contemporaneously herewith.

**BACKGROUND**

On December 3, 2013, the Court entered a Scheduling Order in this cause setting a January 30, 2014 deadline for amended pleadings. *See Doc. no. 15.* The Scheduling Order was modified on June 17, 2014 extending the deadline for discovery to September 1, 2014. *Doc. no. 21.* On August 25, 2014, the discovery deadline was extended to September 30, 2014. On September 23, 2014, before the deadline for completing discovery had passed, Defendant filed

another Motion to Extend to contemplate the dispositive motions, both parties' outstanding discovery and the taking of Plaintiff's deposition. *Doc. no. 29.* On September 24, 2014, Defendant's September 23, 2014 Motion was denied. *Doc. no. 30.* On September 25, 2014, Defendant filed a Motion for Scheduling Conference which was denied on October 23, 2014. *Doc. nos. 31-32.*

On November 26, 2014, Defendant filed its Proposed Pretrial Order raising numerous issues of contention for the upcoming trial on December 15, 2014. *See, Doc. no. 33.* The Pretrial Conference was conducted on December 4, 2014. During that conference, the Court addressed Plaintiff regarding the date her Right to Sue Notice was received as well as her EEOC Charge specifically. During the hearing, Plaintiff verbally contended that she received the Notice five days after the stated mailed date (June 5, 2013) on the Right to Sue Notice; however, her Complaint stated that she received the notice on June 5, 2013. *See Plaintiff's Complaint, Doc. no. 1, ¶ 8.* The Court *sua sponte* stated that it would allow Plaintiff to amend her Complaint to reflect a new date of receipt. Defendant's counsel addressed concern about the factual issues surrounding receipt and when the Notice was actually received, notwithstanding Plaintiff's contentions during the conference.

The Court and the parties also discussed Plaintiff's EEOC Charge. Specifically, Plaintiff's EEOC Charge included theories of Age Discrimination and Retaliation, whereas her Complaint abandoned the Age Discrimination but added Race and Color theories. *Id.* The Court ruled that since Plaintiff's EEOC Charge had not included Race and Color allegations, she had not exhausted those administrative remedies and thus disallowing those claims to go forward. Defendant's Counsel addressed the Court regarding the import of the Court's ruling and the need to address legally what remained in Plaintiff's case as far as justiciable claims insofar as the Race

2

and Color claims had been dismissed. The Court addressed this aspect of the case with Plaintiff who persisted in contending that she case was ready for trial. After hearing the positions of the parties and contemplating continuing the matter to conduct further discovery, the Court opted to have the trial go forward on Monday, December 15, 2014.

**ARGUMENT**

"Federal Rule of Civil Procedure 16(b)(4) permits modification of scheduling orders "for good cause and with consent of the judge." *Interstate Packaging v. Century Indmen. Co.,* 291 F.R.D. 139, 142 (2013). The movant must first establish that the existing scheduling order "cannot be reasonably met despite the diligence" of that party. *Id. (*quoting *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003). Second, the Court must consider whether the opposing will suffer prejudice by the amendment. *Id.* After first considering whether good cause has been shown, the Court then should whether the amendment should be permitted under Rule 15. *Id.* The Sixth Circuit cites several factors for a district court to considering in reviewing a motion to amend: 1) delay in filing; 2) lack of notice to the opposing party; 3) bad faith by the moving party; 4) repeated failure to cure deficiencies by previous amendments; 5) undue to the opposing party; and 6) futility of the amendment. *Miller v. Admin Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006). Under Fed. R. Civ. Pro. 15(b)(1), the Court should consider whether an amendment "would prejudice the party's action or defense on the merits." "The Court may grant a continuance to enable the objecting party to meet the evidence." Fed. R. Civ. Pro. 15(b)(1).

I.  **The Court's allowance of Plaintiff's amendment to her Complaint regarding when she received her Notice of Right to Sue did not comport with Rules 16 and 15 of the Federal Rules of Civil Procedure and Defendant is being prejudiced by the amendment.[1]**

---

[1] So it is clear for the record in this cause, Defendant objects to the Plaintiff's amendment and does not concede that Plaintiff's amendment was proper, and more importantly, Defendant specifically requests the opportunity to conduct further discovery and submit an Answer and dispositive Motion to Plaintiff's purported Amended Complaint.

3

Like the plaintiff in *Interstate,* in this case Plaintiff first did not show "good cause" for the amendment. Plaintiff's verbal contention at the pretrial conference was that she received the Notice of Right to Sue via mail, but that she only stated June 5, 2013 because that was the date on the Notice of Right to Sue. Defendant raised affirmative defenses concerning Plaintiff's Complaint in its Answer. *See Doc. no. 17.* :Prior to December 5, 2014, Plaintiff never amended her pleadings nor filed a Motion to Amend her pleadings concerning the averments in the Complaint. It is well established that "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims and summary judgment." *Jones v. Ohio StateUniv.,* 2007 U.S. District :LEXIS 38717 *5 (quoting *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993). Here, Plaintiff's contention that the averred date in her Complaint was self-serving and she has not shown good cause for why the Complaint should be amended ten (10) days before trial.

More importantly, however, is the prejudice Defendant will suffer, assuming the Court still finds that Plaintiff has shown good cause for this amendment. At this late stage, Defendant needs to have an adequate opportunity to "meet the evidence" including a deposition of Plaintiff and relevant persons from the EEOC regarding Plaintiff's Notice of Right to Sue. While Plaintiff contended on the record that she received the Notice of Right to Sue via mail, Defendant does not know for sure under what circumstances Plaintiff first came into possession of the Notice of Right Sue and what records exist reflecting how and when Plaintiff first received her notice. Accordingly, Defendant would submit that further discovery should be allowed into this issue pursuant to Fed. R. Civ. P. 15(b) in order to properly and fully raise this issue before the Court.

> **II. The Court's ruling regarding Plaintiff's race and color discrimination claims in her Complaint should result in the further discovery to determine what retaliation claims, if any, are justiciable in Plaintiff's Complaint.**

Plaintiff's retaliation claims were significantly impacted by the Court's ruling at the pretrial conference. Given the nature of Plaintiff's Complaint, particularly Plaintiff's claim that she suffered "retaliation for filing previous Racial Discrimination Complaint (Jan 2007)," the Court's ruling that Plaintiff will not be able to raise race and color allegations at trial results now in Plaintiff being allowed to proceed to trial on retaliation theories unknown to the Defendant. As stated during the conference, since the Court's ruling has changed the nature of Plaintiff's claim potentially negating it completely, further discovery is also needed on this issue such that the Court can determine whether there are still justiciable issues in Plaintiff's Complaint to be tried. For example, if Plaintiff is raising retaliatory acts for dates which are barred by the statute of limitations, such acts would not be proper claims for trial in this matter. *See, Longino v. City of Cincinnati,* 2013 U.S. Dist. LEXIS 50253. Moreover, if the activity Plaintiff attempts to contend was responded to by retaliatory conduct was not protected activity, Plaintiff's claims are not actionable and should not proceed. *See Longino,* 2013 U.S. Dist. LEXIS 50253 at* 21 (citing *Batuyong v. Gates*, 337 F.App'x 451, 456 (6th Cir. 2009). Accordingly, in this case additional discovery into Plaintiff's surviving theories is warranted in the interests of justice to allow Defendant to meet the Plaintiff's evidence, if any, concerning alleged retaliation. Given the substantial dispositive case law on the issues in Plaintiff's current claims, further discovery even for a limited period, will serve the purposes of "improving the quality of trial [if necessary] through more thorough preparation" and will "facilitate in other ways, the just, speeding and inexpensive disposition of this cause of action." *See* Fed. R. Civ. P. 16(a),(c).

### III. The docket sheet contains an error with the respect the Court's ruling regarding Age Discrimination at the Pretrial Conference.

In addition, the docket sheet reflects that the Court *sua sponte* ordered that "Age and Retaliation" would be the only issues that Plaintiff would be allowed to raise at trial. *See, R.E. no. 34.* Plaintiff has not raised age discrimination at all in her Complaint and thus to the extent the docket entry reflects "Age" as being an allowable theory at trial, this matter is outside the pleadings and Defendant objects to this as this was not consistent with its recollection of the Court's ruling nor is it consistent with the averments in Plaintiff's Complaint.

### CONCLUSION

For the foregoing reasons, and those articulated by Defendant during the pretrial conference in this matter, Defendant submits that (1) the allowance of Plaintiff's amendment to her Complaint should be reconsidered; (2) the Court should order that further discovery be conducted on the remaining issues in this case including Plaintiff's amendment and her remaining retaliation claim; and (3) the Court should grant a continuance in this cause.

RESPECTFULLY SUBMITTED,

*THE WHARTON LAW FIRM*

s/André C. Wharton
Andre′ C. Wharton (#022588)
1575 Madison Avenue
Memphis, Tennessee 38104
(901) 726-6884
Attorney for Defendant

## CERTIFICATE OF SERVICE

I the undersigned counsel do hereby certify that a copy of the foregoing Memorandum has been filed via electronic case filing and served on Plaintiff, Bobbie Shaw Hunter at P.O. Box 1522, Olive Branch, MS 38654, via U.S. mail, postage prepaid, this 7th day of December, 2014.

 s/ André C. Wharton    .
 André C. Wharton