IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BOBBIE SHAW-HUNTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-2695-STA-tmp |
| LEMOYNE-OWEN COLLEGE, | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART, DENYING IN PART DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE MOTION FOR CONTINUANCE**

Before the Court is Defendant LeMoyne-Owen College's Motion for Reconsideration or in the alternative Motion for Continuance (ECF No. 36) filed on December 8, 2014. The Court held a pretrial conference in this matter on December 4, 2014. A jury trial is currently set to commence on December 15, 2014. For the reasons set forth below, Defendant's Motion is **GRANTED IN PART, DENIED IN PART**.

## BACKGROUND

In the Motion before the Court, Defendant requests reconsideration of the Court's decision to grant Plaintiff leave to amend her pleadings. In its proposed pretrial order and at the pretrial conference, Defendant argued that Plaintiff Bobbie Shaw-Hunter, who is acting *pro se*, filed her judicial complaint one day outside of the 90-day statute of limitations for her claims of age discrimination and retaliation. At the pretrial conference, Plaintiff represented to the Court that she received a right-to-sue letter from the Equal Employment Opportunity Commission ("the EEOC") on June 10, 2013, and not June 5, 2013, as she had alleged in her judicial complaint.

Plaintiff also provided the Court with a copy of her right-to-sue letter dated June 5, 2013. The letter was not previously part of the record. Under the circumstances, the Court granted Plaintiff leave to amend her pleadings but only for the limited purpose of clarifying when she actually received her right-to-sue letter and how she received it. The Court ordered Plaintiff to amend her complain within five (5) days of the pretrial conference. On December 5, 2014, Plaintiff filed a notice (ECF No. 35), stating that she was amending her complaint to allege that she received her right-to-sue letter on June 10, 2013. On December 8, 2014, Plaintiff filed a revised notice (ECF No. 38) to add that she received her right-to-sue letter by U.S. mail.

Defendant now objects that the Court's order in its essence extended the deadline for amending the pleadings far outside the scheduling order's deadline and on the eve of trial. Defendant argues that the late amendment will prejudice Defendant unless the Court allows Defendant to take more discovery and file a dispositive motion on the timeliness of Plaintiff's suit. Defendant indicates that it would need to depose Plaintiff and EEOC personnel about the circumstances under which Plaintiff obtained the right-to-sue letter. Defendant therefore requests that the Court reconsider its decision to allow Plaintiff to amend.

Next, Defendant seeks reconsideration of the Court's decision to deny any extension of the discovery deadline. At the pretrial conference, Defendant argued that Plaintiff had not exhausted her race and color discrimination claim with the EEOC by alleging this claim in an administrative charge against Defendant. The Court agreed and held that it would not allow the claim to be tried to the jury. The Court explained to Plaintiff that in light of the failure to exhaust, the Court would not allow her to present any evidence of race discrimination to the jury.

Defendant now argues that the Court's ruling on Plaintiff's race discrimination claim impacts her retaliation claim. Plaintiff alleges that Defendant retaliated against her for making

an internal complaint of race discrimination in January 2007. Defendant argues that based on the Court's exclusion of the race claim, Plaintiff's claim for retaliation might be time-barred or the activity she can prove to the jury might not be protected activity. Under the circumstances, Defendant states that it needs more time to pursue discovery on the retaliation claim to clarify the issue before proceeding to trial.

In its last argument for reconsideration, Defendant contends that the minute entry for the pretrial conference contains an error. The minute entry states that the Court will allow Plaintiff's claim for age discrimination to proceed to trial. Defendant responds that Plaintiff did not allege age discrimination in her judicial complaint, though she did allege it in her EEOC charge. As such, Defendant objects to the age discrimination claim being tried to the jury. For all of these reasons, Defendant asks the Court to reconsider its decision to allow Plaintiff to amend her pleadings or in the alternative to continue the trial and permit the parties an opportunity to conduct extended discovery.

## ANALYSIS

**I. Plaintiff's Amended Complaint**

The Court finds that Defendant's Motion for Reconsideration is by and large not well-taken. First, the Court finds no justification for revising its order to allow Plaintiff an opportunity to amend her complaint. Defendant has failed to show how Plaintiff's narrow amendment to her pleadings will prejudice Defendant. Defendant objects that the amendment denies it the opportunity to test Plaintiff's allegation that she received the EEOC right-to-sue letter on June 10, 2013, as she alleges in her amended pleading, and not June 5, 2013, as she originally alleged. Defendant continues to argue that Plaintiff's judicial complaint was filed out-of-time based on Defendant's contention that Plaintiff had 90 days from the receipt of her EEOC

right-to-sue letter in which to file her complaint. The Court finds that even if Defendant took new discovery on the issue, Defendant has not shown that it has a meritorious statute of limitations defense.

The Sixth Circuit has repeatedly held that the 90-day statute of limitations is measured from the date on which the EEOC *issued* the right-to-sue letter, not necessarily the date the complainant receives the letter.[1] What is more, the Sixth Circuit adds 5 days to allow for receipt of the notice from the date the EEOC issues and mails the letter.[2] At the pretrial conference, Plaintiff produced a copy of her right-to-sue letter dated June 5, 2013. Assuming the EEOC mailed the letter to Plaintiff the same day, the filing period for Plaintiff's judicial complaint would have run 95 days from June 5, 2013, through September 9, 2013. Plaintiff filed her judicial complaint on September 4, 2013. Defendant has not established how additional discovery would alter this analysis or allow Defendant to prevail on its statute of limitations defense.

Defendant has suggested that based on Plaintiff's original allegation that she received the right-to-sue letter on June 5, 2013, Plaintiff may have actually received the right-to-sue letter on June 5, 2013, and thus had 90 days from that date to file her complaint. Even if new discovery bore out Defendant's theory, Defendant has not shown that such evidence would prove Plaintiff's suit untimely. Federal Rule of Civil Procedure 6(a) states that when computing "any time period specified . . . in any statute that does not specify a method of computing time," the Court should "exclude the day of the event that triggers the period." Several Circuits have held that Rule 6(a)'s standards for computing time govern the 90-day statute of limitations for Title

---

[1] *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

[2] *Id.*

4

VII claims, meaning that the 90-day period would not include the date a plaintiff receives a right-to-sue letter.[3]  Assuming Plaintiff actually received the right-to-sue letter on June 5, 2013, and applying Rule 6 to Title VII's 90-day statute of limitations, the statute of limitation would have commenced on June 6, 2013, and run through September 4, 2014, the date on which Plaintiff filed her judicial complaint.  In other words, Plaintiff's suit would have been timely.  Without some showing that new evidence could establish its statute of limitations defense, Defendant has not shown why the Court's order allowing Plaintiff to amend her pleadings would result in any prejudice to Defendant.  Therefore, Defendant's Motion for Reconsideration is **DENIED** as to this issue.

**II. Defendant's Request to Re-Open Discovery**

Second, Defendant requests that the Court allow the parties to take discovery on Plaintiff's retaliation claim.  Defendant does not actually seek reconsideration of any decision at the pretrial conference but reconsideration of the Court's earlier decisions to deny an extension of the discovery period.  By orders dated September 24, 2014 (ECF no. 30) and October 23, 2014 (ECF No. 32), the Court denied Defendant's previous motions for extension of the discovery deadline.  Defendant renews its request for more discovery based on the Court's ruling at the pretrial conference that Plaintiff had not administratively exhausted her race discrimination claim at the EEOC and that Plaintiff would not be allowed to introduce evidence of race discrimination at trial.  Defendant simply states that without proof of racial discrimination, Plaintiff cannot make out her retaliation claim at trial.  Defendant asserts that it can only speculate then about what grounds support Plaintiff's theory of retaliation, and additional discovery is needed to prepare for trial.

---

[3] *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114 (1st Cir. 2009); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119 (9th Cir. 2007); *Roberts v. Orange Cnty. Sheriff's Dep't*, 51 F. App'x 928 (5th Cir. 2002).

The Court finds this argument unpersuasive. Defendant had a full and fair opportunity to obtain all of the evidence allowed by the discovery provisions of the Federal Rules of Civil Procedure, including the facts supporting Plaintiff's retaliation theory. The Court denied Defendant's earlier motions to extend the discovery deadline because Defendant could not show that it acted with diligence to meet the case management deadlines. The only intervening change in circumstance is the Court's ruling at the pretrial conference that Plaintiff's race discrimination claim would not proceed to trial. Even after this ruling, Defendant finds itself in the same position it would have occupied had it engaged in full discovery on the retaliation claim and then prevailed on a pretrial motion for judgment on the race discrimination claim. Therefore, Defendant has not shown why reconsideration of the Court's earlier orders denying an extension of the discovery deadline is warranted. Defendant's Motion is **DENIED** as to this issue.

### III. Plaintiff's Age Discrimination Claim

Finally, Defendant argues that the minute entry for the pretrial conference states that the Court will permit Plaintiff's age discrimination and retaliation claims to proceed to trial. Defendant objects that Plaintiff did not actually allege age discrimination in her judicial complaint, and so the Court should not allow Plaintiff to try her age discrimination to a jury. The Court agrees. The judicial complaint in this case never alleged that Defendant discriminated against Plaintiff on the basis of her age. Even though the claim does appear in Plaintiff's EEOC charge, its absence from her judicial complaint is dispositive. The Court will not allow Plaintiff's age discrimination to go to the jury. The only claim remaining for trial then is Plaintiff's cause of action for retaliation under Title VII. Therefore, Defendant's Motion is **GRANTED** as to this issue.

## **CONCLUSION**

The Court declines to reconsider its ruling to grant Plaintiff leave to amend her complaint or its decision not to extend the discovery. Defendant has failed to show how the late amendment of the complaint will cause it any prejudice. Defendant has also not shown any justification for the Court to revisit its previous decisions not to extend discovery. Thus, Defendant has presented no grounds to support its request for reconsideration or a continuance of the trial. Defendant has demonstrated that Plaintiff should not be allowed to pursue her age discrimination claim. Plaintiff will proceed to trial only on her claim for retaliation. Therefore, Defendant's Motion is **GRANTED IN PART, DENIED IN PART**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 9, 2014