# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **BOBBIE SHAW HUNTER,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) No. 2:13-cv-02695 |
| | ) |
| **LEMOYNE-OWEN COLLEGE** | ) |
| | ) |
| **DEFENDANT.** | ) |

## DEFENDANT'S FIRST MOTION IN LIMINE

**COMES NOW** Defendant, Lemoyne-Owen College, (hereafter "Defendant") by and through its undersigned counsel, pursuant to Rules 401, 402 and 403 and 407 of the Federal Rules of Evidence and the other authorities cited herein, and moves the Court *in limine* to prohibit certain testimony, as well as exhibits, references, innuendo, or allusions in any way to the following subjects to the extent they are either or both, irrelevant, misleading or unduly prejudicial in this cause. Defendant submits that the following testimony or attempted references or exhibits should not be allowed:

1. Any reference to race, color, age or ethnicity discrimination in this cause. Plaintiff's pleadings do not contain any of these protected classes of discrimination and the allowance of said inferences or claims by Plaintiff at the trial in this matter would be irrelevant, outside the scope of Plaintiff's claims and are also barred by the statute of limitations. Therefore,

the Court should not allow Plaintiff to raise these allegations when they are irrelevant to her lawsuit which is before the Court. *See* Fed. R. Evid. 401, 403.

2. Any reference to "retaliation" which is not based on a response to a "protected activity" as defined by Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. §2000e-3(a); *Abbott v. Crown Motor Co. Inc.,* 348 F.3d 537, 542 (6th Cir. 2003).

3. Any alleged acts of admonition by the Defendant or its employees which are not shown to be related to Plaintiff's exercise of a protected activity or which do not constitute an adverse employment action. *See, Jones v. St. Jude Med. S.C., Inc.,* 823 F.Supp 2d. 699, 727 (6th Cir. 2011); *Primes v. Reno*, 190 F.3d 765, 767 (6th Cir. 1999).

4. Any reference to correspondence forwarded from the Defendant's attorneys regarding a decision to reinstate or retain Plaintiff's employment. Said correspondence is irrelevant under Fed. R. Evid. 401 and prejudicial and misleading under Fed. R. Evid. 403. Moreover, any reference to said correspondence is inadmissible pursuant to Fed. R. Evid. 407.

5. Any testimony or contentions of alleged grievances that occurred more than a short period of time for Plaintiff to proffer a causal connection between said grievance and the alleged retaliatory act. *See Lahar v. Oakland County,* 304 Fed. App'x 354, 359 (6th Cir. 2008). Moreover, Defendant contends that Plaintiff's failure to allege in her Complaint any protected activity from which she suffered retaliation precludes her claim entirely, irrespective of the length of the time period before she endured any alleged retaliatory act. *See Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989) (holding that vague charges of discrimination in an internal letter or memorandum were insufficient to constitute opposition to an unlawful employment practice).

6. Any alleged retaliatory acts which occurred greater than 300 days before Plaintiff

filed her Equal Employment Opportunity Charge no. 490-2011-02745.

7. Any alleged constitutional violations, including due process, to the extent such allegations have not been plead by Plaintiff and are irrelevant to the lawsuit before this Court.

8. Any allegations or contentions of defamation, slander or libel by the Defendant to the extent same have not been plead are irrelevant in this cause. It would be highly prejudicial to Defendant for Plaintiff to be able to raise claims not raised in her Complaint during a trial in this matter which stems from alleged retaliation.

9. Any testimony from Plaintiff or through her witnesses of alleged discrimination against Plaintiff or others without Plaintiff first laying a sufficient foundation in order for the Court to determine whether the Court has jurisdiction over said acts, whether Plaintiff has raised the issues in her Complaint and whether the testimony is relevant or unfairly prejudicial, confusing or misleading to the jury. *See Fed. R. Evid. 401-403*.

10. The Court should further prohibit any testimony that amounts to mere personal beliefs, conjecture and speculation regarding discrimination. *Woythal v. Tex-Tenn Corp.,* 112 F.3d 243, 247 (6th Cir. 1997)( quoting *Chappell v. GTE Products Corp.*, 803 F.2d 261 (6th Cir. 1986).

**WHEREFORE PREMISES CONSIDERED**, Defendant prays that the Court grant its Motion in Limine and enter an Order precluding Plaintiff and/or any of her witnesses from offering testimony directly or indirectly related to the aforementioned areas.

RESPECTFULLY SUBMITTED,

*THE WHARTON LAW FIRM*

s/André C. Wharton
Andre′ C. Wharton (#022588)
1575 Madison Avenue
Memphis, Tennessee 38104
(901) 726-6884
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I the undersigned counsel do hereby certify that a copy of the foregoing Defendant's Motion in Limine has been filed via electronic case filing and served on Plaintiff, Bobbie Shaw Hunter at P.O. Box 1522, Olive Branch, MS 38654, via U.S. mail, postage prepaid, this 14th day of December, 2014.

s/ André C. Wharton    .
André C. Wharton